IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELISSA A. HICKS,                    )
                                     )
            Plaintiff,               )
                                     )
     v.                              )
                                     ) Civil Action No. 09-194J
MICHAEL J. ASTRUE,                   )
COMMISSIONER OF                      )
SOCIAL SECURITY,                     )
                                     )
            Defendant.               )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 4th day of May, 2010, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act, IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 15) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 13) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. <u>Jones v. Sullivan</u>, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her applications for DIB and SSI on August 30, 2005, alleging disability beginning May 1, 2004, due fibromyalgia. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on September 12, 2006. On December 15, 2006, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on March 25, 2009, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 37 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has a high school education. Although plaintiff has past relevant work experience as a electrical worker, child care provider, clerk, home health aide and medical aide, she has not engaged in substantial gainful activity at any time since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of chronic fatigue syndrome, fibromyalgia and obesity, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform heavy work activity (the "RFC Finding"). Based upon the vocational expert's testimony, the ALJ concluded that plaintiff's vocational factors and residual functional capacity enable her to perform her past work as an electrical worker.[1] Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant

---

[1] Even though the ALJ found plaintiff not disabled at step 4 of the sequential evaluation process, he noted in his decision that the vocational expert testified plaintiff's residual functional capacity also would enable her to perform other sedentary, light, medium and heavy work that exists in significant numbers in the national economy. (R. 27). Therefore, even if the ALJ had proceeded to consider this case at step 5, he still would have found plaintiff not disabled.

"is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598, 416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).

In this case, plaintiff challenges the ALJ's findings at steps 2, 3 and 4 of the sequential evaluation process. Plaintiff argues at step 2 that the ALJ erred in failing to find that certain of her claimed impairments are "severe." At step 3, plaintiff claims that the ALJ erred by concluding that her severe

impairments do not meet or equal any listing in Appendix 1. Finally, plaintiff asserts that the ALJ's step 4 finding that she retains the residual functional capacity to perform her past work as an electrical worker is not supported by substantial evidence. The court disagrees with plaintiff's arguments.

Plaintiff first argues that the ALJ erred in finding that her claimed back spasms, impaired balance, hypersensitivity to sound, light, temperature and smells, temporomandibular joint, shoulder and back pain, and Raynaud's syndrome are not severe impairments. The "severity regulation" applied at step 2 requires that the claimant have a severe impairment, or combination of impairments, which significantly limits her physical or mental ability to perform basic work activities.[2]  20 C.F.R. §§404.1520(c), 416.920(c). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step 2 severity determination in terms of what is "not severe." Newell v. Commissioner of Social Security, 347 F.3d 541, 546 (3d Cir. 2003) (citing Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996)). According to the Regulations, an impairment "is not severe if it does not significantly limit [the claimant's]

---

[2]Basic work activities include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. §§404.1521(b)(1)-(6); 416.921(b)(1)-(6).

physical or mental ability to do basic work activities." 20 C.F.R. §§404.1521(a), 416.921(a). Social Security Ruling 85-28 clarifies that an impairment can be found "not severe" only if the evidence establishes a slight abnormality which has no more than a minimal effect on an individual's ability to work.

Although the principles discussed above indicate that the burden on an applicant at step 2 is not an exacting one, plaintiff nonetheless bears the burden to prove that her claimed impairments are severe. 20 C.F.R. §§404.1512(c), 416.912(c); <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 n.5 (1987) (stating that the claimant bears the burden of proof at step 2 of the sequential evaluation process). Plaintiff has not met that burden in this case, as she has not proffered any evidence to establish that her claimed back spasms, impaired balance, hypersensitivity to sound, light, temperature and smells, temporomandibular joint, shoulder and back pain, and Raynaud's syndrome present more than a minimal impact on her ability to perform basic work activities.[3]

Plaintiff next challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairments meet or equal one of the listed impairments. <u>Burnett v. Commissioner of Social Security</u>

---

[3]Plaintiff's severity argument is further undermined by the fact that she completed a disability report on which she indicated that fibromyalgia is the only condition that limits her ability to work, not the laundry list of other impairments that she now claims are severe. (R. 80). Plaintiff also testified at the administrative hearing that her most serious impairments are chronic fatigue and fibromyalgia, two impairments which the ALJ found to be severe. (R. 288, 289, 292).

Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §§404.1525(a), 416.925(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. Id. at 120 n.2. However, it is the claimant's burden to present medical findings that show her impairment matches or is equivalent to a listed impairment. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for his decision. Burnett, 220 F.2d at 119.

According to plaintiff, the ALJ erred in failing to find that she meets or equals a listing under the following sections: 1.00 (relating to the musculoskeletal system), 11.00 (neurological system), and/or 12.00 (mental disorders).

Contrary to plaintiff's position, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at his step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff suffers from chronic fatigue syndrome, fibromyalgia and obesity, all of which are severe impairments. However, the ALJ determined that plaintiff's impairments, even when considered in combination, do not meet or

equal any listed impairment. The ALJ indicated that he considered the neurological listings in 11.00, and he explained his reasoning as to why plaintiff's impairments do not meet or equal any neurological listing. (R. 25).

The ALJ satisfied his burden; however, plaintiff failed to sustain her burden of showing that her impairments meet, or are equal to, a listing. Other than broadly asserting that she meets or equals a number of listings, plaintiff did not explain how her medical conditions satisfy the criteria of any particular listing, nor did she identify any medical evidence that substantiates her argument.[4] For these reasons, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

The court likewise finds that the ALJ's step 4 finding is supported by substantial evidence. At step 4, the issue is whether plaintiff's residual functional capacity permits her to perform her past relevant work. 20 C.F.R. §§404.1520(f), 416.920(f). Residual functional capacity is defined as that which

---

[4] To support her claim that she meets certain unspecified listings, plaintiff relies on Dr. John Hipps' opinion that she is permanently disabled due to chronic pain, which Dr. Hipps indicated by checking a box on an employability assessment form dated August 25, 2005, for the Pennsylvania Department of Public Welfare. (R. 147). Whether or not plaintiff was considered to be disabled for purposes of receiving state welfare benefits is irrelevant here. A determination made by another agency regarding disability is not binding on the Commissioner of Social Security. See 20 C.F.R. §§404.1504, 416.904. Further, Dr. Hipps' conclusory opinion of permanent disability is undermined by the fact that he did not cite to any objective medical evidence to support his opinion. Indeed, the record does not contain any treatment notes from Dr. Hipps, or any evidence that he ever examined plaintiff. For these reasons, the ALJ properly afforded Dr. Hipps' opinion little weight. (R. 26).

an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ must consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

Here, plaintiff argues that the ALJ erred at step 4 because he incorrectly assessed her residual functional capacity. Plaintiff's step 4 argument is based primarily on her assertion that the ALJ failed to give adequate weight to the opinion of Dr. Carol Elkins. The court finds that plaintiff's argument lacks merit for the reasons explained below.

According to plaintiff, the ALJ's RFC Finding that she can perform heavy work is contradicted by a form report completed by Dr. Elkins entitled, "Fibromyalgia Residual Functional Capacity Questionnaire." (R. 213-18). However, the ALJ properly gave little weight to Dr. Elkins' assessment of plaintiff's capabilities set forth on the form report because she only examined plaintiff on two occasions prior to completing that report. (R. 223-24). See 20 C.F.R. §§404.1527(d)(2)(i), 416.927(d)(2)(i) (stating that the ALJ may consider the length of the treatment relationship and the frequency of examination when considering the amount of weight to give a medical source's opinion). In addition, the ALJ's decision to give Dr. Elkins' opinion little weight is further justified because the limitations

she identified on the form report were inconsistent with her unremarkable physical examinations of plaintiff as reflected in her treatment notes. (R. 223-24). For these reasons, the ALJ properly weighed Dr. Elkins' opinion, and correctly assessed plaintiff's residual functional capacity.

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

*[signature]*
Gustave Diamond
United States District Judge

cc: J. Kirk Kling, Esq.
630 Pleasant Valley Boulevard
Suite B
Altoona, PA 16602

John J. Valkovci, Jr.
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901